IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              FORT WORTH DIVISION

| | |
|---|---|
| JAMES E. JOHNSON, § | |
| (TDCJ # 793518) § | |
| VS. § | CIVIL ACTION NO.4:06-CV-384-Y |
| § | |
| § | |
| DEE ANDERSON, Sheriff, § | |
| Tarrant County, Texas, et al. § | |

   OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(b)(1)
              and UNDER 28 U.S.C. § 1915(e)(2)(b)

   Plaintiff and Texas Department of Criminal Justice inmate James E. Johnson's complaint and more definite statement[1] are before the Court under the screening provisions of 28 U.S.C. § 1915A and 1915(e)(2)(B). A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental

---

[1] Johnson filed a motion for extension of time to file his more definite statement. That motion [docket no. 13] is GRANTED to the extent the Court has considered the more definite statement filed on December 18, 2006.

[2] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review and consideration of Johnson's claims as asserted in the form complaint and more definite statement, the Court concludes that they must be dismissed under the authority of these provisions.

Johnson's complaint alleges that he was placed in administrative segregation while housed at the Tarrant County jail in May 2006. Johnson alleges that for seven days he was forced to drink only from the meal cart, and was subjected to "sleeping, breathing the smell; force to sit in one spot; then mattress not disinfected; not given clean linen; had to sit on discolored toilet seat; sink had green stuff around the drinking hold [sic]." (Compl. § V.) In the more definite statement, Johnson claims that he was exposed to an excessive health risk of correctional unsanitary conditions." (More Definite Statement (MDS) at ¶ 3.)  He also claims that he was "kept from trying to file this lawsuit."

---

[4]*See* 28 U.S.C.A. § 1915A(a)(West Supp. 2006).

[5]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2

(Compl. § V.) Johnson seeks "compensation for [his] pain and suffering . . . plus a full doctor check up." (Compl. § VI.)

Johnson lists as defendants Dee Anderson, sheriff, Tarrant County, Texas, and the classification agents for Dee Anderson. (Compl. Style; § IV(B).) In his more definite statement, Johnson acknowledges that he does not intend to designate any other defendants: "Johnson has named the only person whose responsibility it falls on to ensure that each inmate confined within the walls of Tarrant County Correction Center to make sure each individual is fed, given adequate health care, a safe environment while confined and sanitary living conditions . . . is Sheriff's Dee Anderson Duties [sic]." (MDS at ¶ 6.) Similarly, with regard to his allegations that he was kept from filing a lawsuit, Johnson indicated that he intended only Sheriff Anderson as the defendant. (MDS at ¶4.) As Johnson has not identified any additional defendants, all claims against the unnamed agents/officers must be dismissed.

A claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983 requires pleading in support of the following elements: (1) that the plaintiff has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived plaintiff of such right while

acting under color of law.⁷ Plaintiff's allegation that he was kept from filing a lawsuit fails to satisfy the first element. Although Johnson alleges in the more definite statement a delay in being able to mail out his suit papers, he has not stated any facts to show that he was prevented from filing an action. The Supreme Court, in *Bounds v. Smith*,⁸ recognized a fundamental constitutional right of access to the courts, but has since clarified the scope of a prisoner's right of access to the courts and found that a prisoner must allege an actual injury to support a claim for a violation of such right:

> Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense . . . [t]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.⁹

Thus, in order to state a claim on the alleged facts, Johnson must set forth that the complained of deficiencies in providing supplies

---

⁷*See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5ᵗʰ Cir.), *cert. denied,* 510 U.S. 820 (1993).

⁸*See Bounds v. Smith,* 430 U.S. 817, 828 (1977)(recognizing prisoners' constitutional right of access to courts); *see generally Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 741 (1983)("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances"); *Johnson v. Atkins,* 999 F.2d 99, 100 (5ᵗʰ Cir. 1993)("Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses")(quoting *Chrissy F. v. Mississippi Dept. Of Public Welfare,* 925 F.2d 844, 851 (5ᵗʰ Cir. 1991)).

⁹*Lewis v. Casey,* 518 U.S. 343, 351 (1996).

4

and postage to him hindered his efforts to pursue a legal claim.[10] Johnson has not done this. Rather, the complaint, reciting allegations of events that occurred in early May 2006, was filed-stamped in this Court on June 5, 2006. Thus, Plaintiff's complaint does not state a violation of the Constitution on the basis of denial of access to court, and such claim should be dismissed.

As a part of the PLRA, Congress also placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[11] The Court of Appeals for the Fifth Circuit has held that "[s]ection 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."[12] It is also now established law that a plaintiff must

---

[10] *See Chriceol v. Phillips,* 169 F.3d 313, 317 (5th Cir. 1999)(inmate alleging denial of access to courts must demonstrate actual injury), *citing Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir. 1998)(holding that without proof of actual injury a prisoner cannot prevail on an access-to-the-courts claim); *see also McDonald v. Steward,* 132 F.3d 225, 230-31 (5th Cir. 1998) (noting that such a plaintiff must show prejudice to his position as a litigant)(citations omitted).

[11] 42 U.S.C.A. 1997e(e)(West 2003).

[12] *Geiger v. Jones,* 404 F.3d 371, 375 (5th Cir. 2005).

recite that he suffered more than a *de minimis* physical injury.[13] Johnson has not stated any physical injury as a result of the alleged conditions-of-confinement. He claims that he suffered "harm mentally" from knowing he was exposed to "bacterias substance [sic] that was capable of taking control of his immune system . . . ." (MDS at 7.) Although Johnson alleges in the more definite statement that he "now" has to take medication for hypertension, he does not allege that such condition immediately resulted from the brief period of administrative segregation in May, 2006. Thus, Johnson's right to recovery of compensatory damages for mental harm is barred under 42 U.S.C. § 1997e(e), and all of Plaintiff's claims must be dismissed for this additional reason.

---

[13] *See Gomez v. Chandler,* 163 F.3d 921, 924 (5th Cir. 1999)("for purposes of Eighth Amendment excessive-force claims--as well as for purposes of section 1997e(e)--'the injury must be more than de minimis, but need not be significant.'"), *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)(noting that [the plaintiff's] alleged injury of a sore, bruised ear lasting for three days--was de minimis); *see also Luong,* 979 F.Supp. at 486 (noting that a sore muscle, aching back, scratch, abrasion or bruise, which lasts up to two or three weeks, is not the kind of physical injury within the parameters of 1997e(e)).

Therefore, all of Plaintiff's claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

SIGNED December 27, 2006.

/s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE